IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PABLO ESTUARDO GARCIA, by Next Friend Ana Garcia, | § § § | |
| Petitioner / Plaintiff, | § § | |
| v. | § | 20-CV-40-KC |
| CHAD WOLF, ACTING SECRETARY OF HOMELAND SECURITY, et al., | § § § § § | |
| Respondents / Defendants. | § | |

## ORDER

On this day, the Court considered Pablo Estuardo Garcia's ("Petitioner") Petition for Writ of Habeas Corpus, Application for Temporary Restraining Order, and Complaint for Declaratory and Injunctive Relief ("Petition"), ECF No. 1.

Pursuant to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65.

The standard for issuing a temporary restraining order is generally the same as for a preliminary injunction: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest." *See First Sec. Bank v. W & W Farms, Inc.*, No. 2:19-CV-91-Z, 2020 WL 570814, at * (N.D. Tex. Feb. 4, 2020) (quoting *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d

1047, 1051 (5th Cir. 1997)). The party seeking injunctive relief bears the burden of establishing the above elements, and because such an order is "an extraordinary remedy," it "should only be granted if the movant has clearly carried its burden." *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, 861 F. Supp. 2d. 792, 794 (N.D. Tex. 2012).

Here, Petitioner does not make a specific showing on any of the above factors. It is not clear to the Court what specific injury among Petitioner's allegations is the injury upon which injunctive relief is sought, nor what specific relief Petitioner is seeking. Petitioner primarily alleges that he has been unconstitutionally denied access to counsel. *See* Pet. 7–8. Petitioner also alleges that his detention in a Customs and Border Patrol holding cell has violated administrative law and that the conditions of the confinement are unconstitutional. *See id.* However, the relief Petitioner seeks is an order "restraining and enjoining Defendants from removing Plaintiff from the United States and from not releasing [him] either on a reasonable bond . . . or with an electronic monitoring device." *Id.* at 8. Because Petitioner's application includes only limited specific factual allegations, makes no reference to the legal standard for the requested injunctive remedies, and fails to include an affidavit or otherwise verify the complaint, among other defects, it is insufficient to justify such an order. *See* Fed. R. Civ. P. 65; *John Crane Prod. Sols., Inc.*, 861 F. Supp. 2d. at 794.

Accordingly, for these reasons, Petitioner's application for a Temporary Restraining Order is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner shall effect expedited service of process on Respondents and file proof of service with the Court.

**IT IS FURTHER ORDERED** that Respondents file a response to the Petition by no later than seven (7) days following receipt of service. Petitioner may file a reply, provided it is filed no later than seven (7) days after the date of service of the Respondent's responsive pleading.

**IT IS FURTHER ORDERED** that Respondents and/or their agents or anyone else acting on their behalf shall notify this Court prior to taking any action to transfer Petitioner outside of the Western District of Texas.

**SO ORDERED.**

SIGNED this 10th day of February, 2020.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE